IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SAMUEL ANTHONY CASTLEBERRY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 22-00254-KD-MU |
| ) | |
| **BP EXPLORATION & PRODUCTION,** ) | |
| **INC., et al.,** ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This action is before the Court Plaintiff Samuel Anthony Castleberry's Emergency Motion to Stay and Memorandum in support (doc. 17, doc. 18). Castleberry states that he has been diagnosed with cancer and will undergo radiation and chemotherapy for a period of approximately three months, which began mid-November 2022. Castleberry asserts that he will be medically unable to participate in this action, primarily with his retained medical and other experts, until after recovery from treatment. Therefore, he moves the Court to stay all deadlines until March 25, 2023, the end of his medical leave from work. Castleberry also argues that he has diligently pursued discovery, there is good cause for a stay due to his inability to actively participate, and the request for a stay is not for purposes of delay. He also consulted with BP and this motion is unopposed.

In general, a district court may stay an action as a means of controlling its docket and managing its cases. Ortega Trujillo v. Conover & Co. Communications, Inc., 221 F.3d 1262, 1264 (11th Cir. 2000) (citation omitted) (a district court has "broad discretion to stay proceedings as an incident to its power to control its own docket"). However, the "district court must limit properly the scope of the stay" and the stay "must not be 'immoderate.'" Id. "In exercising this discretion, district courts have considered such factors as: (1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage

the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." SE Property Holdings, LLC v. Saint Family Limited Partnership, 2017 WL 1628898, at *11 (S.D. Ala., 2017).

Factor (1) weighs in favor of granting the motion to stay. Although not at an early stage, the litigation is not at a point where a stay would be prejudicial. The case was transferred June 29, 2022, the Case Management Orders have been entered, and limited discovery has occurred. Disclosure of Castleberry's expert witness reports is due late January 2023, which will be followed by disclosure of Defendants' expert witness reports and rebuttal reports.  As to prejudice to the non-moving party, Factor (2), Castleberry reports that Defendants do not oppose the motion.  Thus, there is no indication of undue prejudice.  Factor (3) weighs in favor of a stay because Castleberry appears to be undergoing treatment for the cancer which is allegedly the later-manifested condition from his exposure to petroleum and/or petroleum-based dispersants chemicals while working on the Deepwater Horizon Oil Spill. Factor (4) is neutral. The parties' and the court's burden of litigation will likely not be reduced, but instead only delayed.

Upon consideration and for the reasons set forth herein, the motion is GRANTED. Accordingly, this action is stayed until **March 24, 2023**.[1]  The parties are ORDERED to file a joint report on or before **March 17, 2023**, to advise the Court as to the status of this action.

DONE and ORDERED this 6th day of January 2023.

 s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE

---

[1] Castleberry request March 25, 2023, but that is a Saturday.