IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SAMUEL ANTHONY CASTLEBERRY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) CIVIL ACTION NO. 22-00254-KD-MU |
| BP EXPLORATION & PRODUCTION, INC., et al., | ) ) ) ) |
| Defendants. | ) |

## ORDER

This action is before the Court on Plaintiff Samuel Anthony Castleberry's Unopposed Motion to Amend BELO Complaint (doc. 40).  Castleberry moves the Court for leave to amend his complaint to add certain factual allegations regarding his duties as a Clean-up Worker and as a worker on a Vessel of Opportunity during the cleanup after the BP Deepwater Horizon Oil Spill, to clarify the time frame during which he performed this work, and to correct the date when he was diagnosed with prostatic adenocarcinoma. Castleberry reports that the Defendants have no objection to the amendments to his complaint.

Upon consideration, and for the reasons set forth herein, the motion is GRANTED. Accordingly, Castleberry shall file his **amended complaint** on or before **October 18, 2023**. Defendants shall file their **answer or otherwise respond** on or before **November 1, 2023**.

At this stage in the litigation, and absent Defendants' written consent, Rule 15(a)(2) instructs the Court that it "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" City of Miami v. Bank of America Corp., 800 F.3d 1262, 1286 (11th Cir. 2015) (citation omitted). The Court "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (citing Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Services, Inc., 556 F.3d 1232, 1241 (11th Cir. 2009) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)); Donley v. City of Morrow, Georgia, 601 Fed. Appx. 805, 810 (11th Cir. 2015) (same).

    The docket does not indicate that Castleberry engaged in any undue delay or bad faith, exhibited a dilatory motive, or repeatedly failed to cure deficiencies. The BELO Scheduling Order, as modified, (docs. 8, 9, 10), does not contain a deadline for motions to amend the pleadings. Also, the action was stayed for approximately six months, while Castleberry received cancer treatment. The stay was lifted in August 2023 and discovery deadlines were modified and extended in July 2023. Castleberry reports that he conferred with the Defendants via e-mail, and they do not oppose the motion. Additionally, Defendants have not argued that allowing the amendment would be futile.

    Since the Court has not ascertained any substantial reason to deny Castleberry's motion, the interests of justice indicate that it should be granted. See Borden, Inc. v. Florida East Coast Ry. Co., 772 F.2d 750, 757 (11th Cir. 1985) ("There is a strong policy embodied in the Federal Rules of Civil Procedure, and Rule 15 particularly, favoring the liberality of amendment").

    DONE and ORDERED this 4th day of October 2023.

                                            s/ Kristi K. DuBose  
                                            KRISTI K. DuBOSE  
                                            UNITED STATES DISTRICT JUDGE